McENTYRE *et al. v.* ADAMS *et al; et vice versa.*

Nos. 18043, 18047. SUBMITTED JANUARY 12, 1953—
DECIDED FEBRUARY 24, 1953.

*Ingram & Tull,* for plaintiffs in error.

*Herman J. Spence, William Butt, John S. Wood* and *D. Carl Tallant,* contra.

WYATT, Justice. ■ The only assignment of error in the main bill of exceptions is to the judgment of the court below denying the motion for new trial. The uncontradicted evidence showed that on April 4, 1947, J. W. Adams and B. J. McGehee, who will be referred to as the defendants, executed to J. W. Dyer eight notes in the total amount of $64,750.40, representing ac-

cumulated indebtedness of the defendants to Dyer. The first note was due on April 15, 1949, and the remainder on April 15 of each year, except 1956, until all were paid. All the notes were unsecured. The evidence showed further that, on December 17, 1948, all eight notes were marked paid by Dyer and turned over to the defendants; that, within a short time thereafter, the defendants paid Dyer $25,000; and that at the time the notes were marked paid, Dyer was in serious financial difficulties and needed money to keep his accounts open in banks in other cities.

The plaintiffs contended and sought to show by their evidence that Dyer undertook to raise some cash in order to keep his accounts open in other cities; that he came to the defendants and asked them to pay off certain notes so that he could raise $25,000 or $30,000; that the defendants told Dyer that they could not borrow any more money so long as these notes were outstanding; and that, in order to enable the defendants to borrow the money, Dyer marked the notes paid and delivered them to the defendants with the understanding that they would borrow the money and turn it over to Dyer and execute new notes to cover the balance.

The defendants contended and sought to prove by their evidence that, when Dyer needed the money and went to the defendants to raise it, they agreed to pay him $25,000 in full payment of all the notes; that Dyer accepted such sum as a full accord and satisfaction of the indebtedness represented by the notes; that Dyer marked the notes paid and received $10,000 the next day, $5,000 on January 1, 1949, and $10,000 more during the month of January. The plaintiffs contend that, even if this was intended to be an accord and satisfaction, the amount agreed upon was $30,000, and that $5000 was never paid, and therefore there could be no accord and satisfaction.

The evidence on the contentions of both sides was in sharp conflict. The jury decided the conflict in favor of the defendants. We are not authorized to say that they were in error. There is no merit in the general grounds.

■ Grounds 4, 5, 6, 7, and 8 all complain of certain excerpts from the charge of the court. These special grounds are not argued in the briefs on behalf of either party in this court.

However, the plaintiffs in error state that they are insisting on each and every ground of the motion for new trial. We have carefully considered each and every ground of the amended motion, and deem it sufficient to say that there is no merit in any of them. The charge, considered as a whole, fairly and correctly stated the contentions of the parties and the law applicable thereto and was adjusted to the evidence adduced upon the trial.

It follows, the judgment of the court below denying the motion for new trial was not error.

*Judgment affirmed on the main bill; cross-bill dismissed. All the Justices concur, except Atkinson, P. J., not participating.*